J-S28043-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KARIM STRICKLAND | : | |
| | : | |
| Appellant | : | No. 2360 EDA 2020 |

Appeal from the PCRA Order Entered November 30, 2020
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0002045-2002

BEFORE:  BOWES, J., DUBOW, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                **FILED SEPTEMBER 29, 2021**

Karim Strickland (Strickland) appeals the order of the Court of Common Pleas of Delaware County (PCRA court) dismissing his claim filed pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  In 2003, following a jury trial, Strickland was sentenced to life without the possibility of parole, and in 2020, he filed his fifth PCRA petition contending that his sentence was rendered illegal by **Montgomery v. Louisiana**, 577 U.S. 190 (2016), which prohibits juvenile homicide offenders from being sentenced to life without parole unless special juvenile sentencing factors are first considered.  The PCRA court dismissed this fifth petition as untimely and ruled that regardless, **Montgomery** did not apply because Strickland was not a

---

[*] Retired Senior Judge assigned to the Superior Court.

juvenile at the time the subject offenses took place. For those same reasons, we affirm.

## I.

Strickland was found guilty of second-degree murder and robbery and was sentenced to a term of life without the possibility of parole. The judgment of sentence was affirmed in 2004 and further review was denied by the Pennsylvania Supreme Court in 2005. *See Commonwealth v. Strickland*, 858 A.2d 1283 (Pa. Super. 2004) (unpublished memorandum decision); *see also Commonwealth v. Strickland*, 867 A.2d 523 (Pa. 2005) (denying allocator).

In 2005, Strickland filed a timely PCRA petition claiming ineffective assistance of trial counsel and appellate counsel. Strickland was appointed PCRA counsel and the PCRA court filed notice of intent to dismiss the petition. Strickland filed a response and the petition was summarily dismissed. Strickland filed an untimely appeal which was quashed in 2007.

For reasons that are unclear, Strickland's earlier response to the PCRA court's notice of intent to dismiss was later treated as a second PCRA petition. Strickland was again appointed counsel in 2008. By 2009, counsel sought to withdraw on the grounds that the petition had no meritorious issues. *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988).

Counsel was permitted to withdraw and the second petition was summarily dismissed. Strickland timely appealed *pro se* and the dismissal of the petition was affirmed in 2010. Further review was denied by the Pennsylvania Supreme Court in 2011.

Strickland filed his third PCRA petition in 2012 and, once more, PCRA counsel was appointed. However, again, PCRA counsel sought to withdraw from the case upon determining that there were no issues of arguable merit. The petition was summarily dismissed in 2013 and counsel was permitted to withdraw. In 2014, Strickland filed a *pro se* motion for reconsideration as to the order dismissing his third PCRA petition and the motion was denied as untimely. Strickland appealed and that appeal was quashed on timeliness grounds. Reconsideration was denied in 2015.

In 2016, Strickland filed a fourth PCRA petition asserting that **Montgomery** was applicable to his sentence. The PCRA court found that the claim was untimely as well as without merit because **Montgomery** only affords relief to offenders who were juveniles at the time of the crime and Strickland indisputably was 19 at the time of the subject murder. Accordingly, this fourth PCRA petition was summarily denied and that ruling was affirmed on appeal in 2017. **See Commonwealth v. Strickland**, 2312 EDA 2016 (Pa. Super. February 13, 2017) (unpublished memorandum decision).

In 2020, Strickland filed his fifth PCRA petition, the subject of the present appeal. As with his previous petitions, the central issue is that

*Montgomery* entitles him to a resentencing. Strickland seemed to argue further that his petition was timely based on the newly-discovered fact that his co-defendant, Steven Jones, had been resentenced pursuant to *Montgomery*. Strickland learned of that resentencing from our decision in *Commonwealth v. Jones*, 3495 EDA 2018 (Pa. Super. February 28, 2020) (unpublished memorandum decision).

The PCRA court issued a notice of intent to dismiss the petition without a hearing, explaining that it was untimely and without merit. Strickland filed a response and the petition was summarily dismissed. Strickland then timely filed a notice of appeal. In his *pro se* appellate brief, Strickland argues that his petition is timely filed and that he should be resentenced pursuant to *Montgomery* in the manner consistent with his co-defendant's resentencing. *See* Appellant's Brief, at ii.

## II.

The preliminary issue is whether the PCRA court correctly ruled that Strickland's petition is untimely. As this finding concerns a pure question of law, the standard of review is *de novo* and our scope of review is plenary. *See Commonwealth v. Callahan*, 101 A.3d 118, 121 (Pa. Super. 2014).[1]

_____

[1] When reviewing the propriety of an order denying PCRA relief, this Court is limited to a determination of whether the evidence of record supports the PCRA court's conclusions and whether its ruling is free of legal error. *Commonwealth v. Lippert*, 85 A.3d 1095, 1100 (Pa. Super. 2014). This Court will not disturb the PCRA court's findings unless there is no support for them in the certified record. *Id*.

- 4 -

A PCRA petition must be filed within one year from the date on which the petitioner's judgment of sentence became final. *See* 42 Pa.C.S. § 9545(b). If filed beyond that date, the petitioner bears the burden of pleading and proving an applicable statutory exception to that time-bar. *See id*. Where a petition is untimely and no exception applies, Pennsylvania courts lack jurisdiction to consider the petition's merits and must deny it without a hearing. *See id*.; *Commonwealth v. Taylor*, 65 A.3d 462, 468 (Pa. Super. 2013).

The exceptions to the PCRA's jurisdictional time-bar are set forth in 42 Pa.C.S. § 9545(b)(1), which provides as follows:

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment of sentence becomes final, unless the petition alleges and the petitioner proves that:
>
> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

Moreover, any petition invoking one of these exceptions "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Strickland's judgment of sentence was affirmed in 2004, and the Pennsylvania Supreme Court denied his petition for allowance of appeal in 2005. The judgment of sentence became final 90 days thereafter, at which point Strickland's time for filing a petition for writ of *certiorari* with the United States Supreme Court expired. **See** 42 Pa.C.S. § 9545(b)(3) ("a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania or at the expiration of time for seeking the review"); **see also** U.S. Sup.Ct.R. 13.1. Strickland's judgment of sentence, therefore, became final on April 12, 2005, and he had until April 12, 2006, to file a PCRA petition.

The PCRA petition now before us was filed in 2020, making it patently untimely. The burden was then on Strickland to plead and prove that one of the enumerated exceptions to the PCRA's time-bar applies. **See** 42 Pa.C.S. § 9545(b)(1); **Commonwealth v. Perrin**, 947 A.2d 1284, 1286 (Pa. Super. 2008) (to invoke a statutory exception to the PCRA time-bar, a petitioner must properly plead and prove all required elements of the exception).

Strickland does not appear to plead and prove any such exception in his appellate brief, which generally is unintelligible. However, he briefly referenced the newly-discovered fact exception in his PCRA petition as

grounds for the petition to be deemed timely filed. Strickland seemed to argue that he is entitled to a new sentencing because he discovered a decision issued on February 28, 2020, recounting that his co-defendant had been resentenced pursuant to *Montgomery*. In that case, the co-defendant was granted a resentencing in 2016 because he was a juvenile when the murder occurred, and the required juvenile sentencing factors had not been considered when his life without parole sentence was imposed. *See Commonwealth v. Jones*, 3495 EDA 2018 (Pa. Super. February 28, 2020) (unpublished memorandum decision).

From our review of the record and the applicable law, the resentencing of Strickland's co-defendant is not a new fact that satisfies an exception to the PCRA's time-bar. It is well established that for the purposes of the PCRA's timing requirements, "judicial determinations are not facts." *Commonwealth v. Watts*, 23 A.3d 980, 986 (Pa. 2011). The underlying "fact" that Strickland submits, rather, is that his co-defendant was granted a resentencing and that event took place in 2016. Strickland has not explained why he relied on that fact to raise a claim in 2020, which is far beyond the deadline for presenting the claim under the newly-discovered fact exception to the PCRA. *See* 42 Pa.C.S. § 9545(b)(ii).

Even if we could consider the merits of Strickland's PCRA claims, they would not afford him any relief. As discussed in our previous decision affirming the dismissal of Strickland's fourth PCRA petition, *Montgomery*

does not apply to Strickland because he was 19 years old at the time of the subject crimes. **See Commonwealth v. Strickland**, 2312 EDA 2016 (Pa. Super. February 13, 2017) (unpublished memorandum decision).

Additionally, this earlier disposition further precludes relief because a petitioner is only eligible for a remedy under the PCRA if the claim has not been previously litigated. **See** 42 Pa.C.S. § 9544(a)(3). Since Strickland has already raised **Montgomery** as grounds for relief in his previous PCRA proceedings, he is barred from relitigating that same claim here. Thus, because his fifth PCRA petition is untimely, previously litigated and without merit, the order on review must stand.

Order affirmed.


*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 9/29/2021*